U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

NOV - 9 2005

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DAVID FRAZIER, ET AL                CIVIL ACTION NO. 02-0698

VERSUS                              JUDGE S. MAURICE HICKS, JR.

CITY OF BOSSIER, ET AL              MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is "Motion for Summary Judgment" filed by defendant, the City of Bossier ("Bossier City") [Doc. No. 123]. Bossier City contends it is entitled to summary judgment dismissing plaintiff's claims against Bossier City as to the actions of Officers Brown and Murray. Bossier City alleges that it is not vicariously liable under Louisiana state law or liable pursuant to 42 U.S.C. § 1983 for adopting and maintaining a policy, custom or practice that infringes upon constitutionally protected rights. The plaintiff Lakendra Williams, as Natural Tutrix of Carisma Williams, opposes this motion. For the following reasons, the motion will be granted.

## BACKGROUND

The relevant facts and procedure of this case were detailed by the Court in the ruling on the defendant's prior motion for summary judgment. [Doc. No. 113]. Both Officer Brown and Officer Murray were dismissed by the Clerk as defendants in this case because plaintiff failed to timely serve them. [Doc. No. 49]. On July 12, 2004, the Court ruled that Plaintiff could pursue vicarious liability claims against Bossier City for the actions of Officers Brown and Murray. [Doc. No. 118].

Plaintiff filed a Statement of Contested Facts ("SCF"). [Doc. No. 128]. However, the Court finds that plaintiff's SCF does not properly contest Bossier City's Statement of Uncontested Facts ("SUF"). Some of Plaintiff's contested facts mischaracterize or misstate defendant's SUF. See e.g., SCF 5 and SUF 5. Most of Plaintiff's "contested facts" are actually additional facts that do not question Bossier City's facts, but merely provide further information. Therefore, the Court finds that there are no genuine issues of material fact.

## LAW AND ANALYSIS

I.  Summary Judgment Standard

Summary judgment should be granted if the record, taken as a whole, "together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); New York Life Ins. Co. v. Travelers Ins. Co., 92 F.3d 336, 338 (5th Cir. 1996). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate "the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). See also Gunaca v. Texas, 65 F.3d 467, 469 (5th Cir. 1995). A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (quoting Celotex, 477 U.S. at 323-25, 106 S. Ct. at 2552). If the

moving party "fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." Little, 37 F.3d at 1075.

If the moving party meets this burden, Rule 56(c) requires the nonmovant to go beyond the pleadings and show by affidavits, depositions, answers to interrogatories, admissions on file, or other admissible evidence that specific facts exist over which there is a genuine issue for trial. Wallace v. Texas Tech Univ., 80 F.3d 1042, 1046-47 (5th Cir. 1996). The nonmovant's burden may not be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. Little, 37 F.3d at 1075; Wallace, 80 F.3d at 1047. Factual controversies are to be resolved in favor of the nonmovant, "but only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." Wallace, 80 F.3d at 1048 (quoting Little, 37 F.3d at 1075). See also S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 494 (5th Cir. 1996). The Court will not, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995), as revised on denial of rehearing, 70 F.3d 26 (5th Cir. 1995). Unless there is sufficient evidence for a jury to return a verdict in the nonmovant's favor, there is no genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-51, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986).

In order to determine whether or not summary judgment should be granted, an examination of the substantive law is essential. Substantive law will identify which facts are material in that "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Id., 477 U.S. at 248, 106 S. Ct. at 2510.

II.  Vicarious Liability

Louisiana law provides for vicarious liability, or *respondeat superior*, of employers for the actions of their employees. La. Civ. Code art. 2320. Article 2320 virtually imposes strict liability on the employer:

> Liability is imposed upon the employer without regard to his own negligence or fault; it is a consequence of the employment relationship. . . . The employer's liability is secondary or derivative in the sense that the employer is not himself a wrongdoer or tortfeasor. . . .
>
> Although the employer and employee are not joint tortfeasors, they are nonetheless each obligated for the same thing total reparation of the damages to the victim. The derivative nature of the employer's liability is of no concern to the victim, and he can compel either the employer or the employee to compensate him for the whole of his damages.

Griffin v. Kmart Corp., 776 So. 2d 1226, 1232 (La. App. 5 Cir. 11/28/00) (citing Sampay v. Morton Salt Co., 395 So. 2d 326, 328 (La. 1981). Bossier City contends that the actions of Officers Brown and Murray are not tortious acts, therefore there is no vicarious liability.

Plaintiff has alleged several different torts, all which require a level of unreasonableness or unlawfulness. False imprisonment requires an unlawful detention. Restrepo v. Fortunato, 556 So.2d 1362 (La. App. 5 Cir. 1990). Excessive force also requires a finding of objective unreasonableness. Heitschmidt v. City of Houston, 161 F.3d 834 (5th Cir. 1998). Intentional infliction of emotional distress requires "extreme and outrageous" conduct. White v. Monsanto Co., 585 So.2d 1205 (La. 1991). The Court must determine whether the actions of Officers Brown and Murray constitute torts under Louisiana law.

A.   The Terry Stop

In Terry v. Ohio, 392 U.S. 1, 30, 88 S. Ct. 1868, 1884, 20 L. Ed. 2d 889 (1968), the United States Supreme Court held that:

> [W]here a police officer observes unusual conduct which leads him reasonably to conclude in light of his experience that criminal activity may be afoot and that the persons with whom he is dealing may be armed and presently dangerous, where in the course of investigating this behavior he identifies himself as a policeman and makes reasonable inquiries, and where nothing in the initial stages of the encounter serves to dispel his reasonable fear for his own or others' safety, he is entitled for the protection of himself and others in the area to conduct a carefully limited search of the outer clothing of such persons in an attempt to discover weapons which might be used to assault him.

"'Reasonable suspicion must be supported by particular and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant an intrusion.'" Goodson v. City of Corpus Christi, 202 F.3d 730, 736 (5th Cir. 2000) (quoting United States v. Michelletti, 13 F.3d 838, 840 (5th Cir. 1994) (en banc); see also, United States v. Garcia-Campos, 132 Fed. Appx. 542, 545 (5th Cir. 2005). Officers must be able to articulate something more than an "inchoate and unparticularized . . . 'hunch'." Goodson, 202 F.3d at 736 (quoting United States v. Sokolow, 490 U.S. 1, 7, 109 S. Ct. 1581, 104 L. Ed. 2d 1 (1989)) The Fourth Amendment requires some minimal level of objective justification measured in light of the totality of the circumstances. United States v. Rideau, 969 F.2d 1572 (5th Cir. 1992) (en banc).

Totality of the circumstances includes all of the information available to an officer at the time of the decision to stop a person. Goodson, 202 F.3d at 737; United States v. Silva, 957 F.2d 157, 160 (5th Cir. 1992). Even innocent behavior "may provide a composite picture sufficient to raise reasonable suspicion in the minds of experienced

officers[.]" Goodson, 202 F.3d at 737 (quoting United States v. Holloway, 962 F.2d 451, 459 (5th Cir. 1992)). Time and location as well as the likelihood of danger are important elements in considering the totality of the circumstances. Illinois v. Wardlow, 528 U.S. 119, 120 S.Ct. 673, 145 L.Ed. 2d 570 (2000).

Tips from informants are also considered in the totality of the circumstances. An "'informant's veracity, reliability, and basis of knowledge ... [are] important factors[.]'" United States v. Roch, 5 F.3d 894, 898 (5th Cir. 1993) (quoting United States v. Jackson, 818 F.2d 345, 348 (5th Cir. 1987) (quoting Illinois v. Gates, 462 U.S. 213, 233, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983))). Anonymous tips are evaluated differently than tips from known informants because their reputations can not be assessed they can not be held responsible if the allegations turn out to be fabricated. Florida v. J.L., 529 U.S. 266, 120 S. Ct. 1375, 146 L. Ed. 2d 254 (2000). A tip concerning the possession of a handgun should be taken seriously and investigated, but is alone not enough to constitute reasonable suspicion. Id.; United States v. Roch, 5 F.3d 894 (5th Cir. 1993). Carrying or possessing a gun is not a crime in Louisiana, but carrying a concealed weapon or being a felon in possession of a firearm are crimes under Louisiana law. La. R.S. §§ 14:95, 14:95.1.

The specific facts known to the officers is critical to this determination. Plaintiff argues that the 911 call made by Mark Yates at a neighboring convenience store did not report criminal activity. The transcript of the 911 call does not report that Frazier was violating any concealed gun laws. [Exhibit A]. Yates reported that Frazier had a gun tucked into the back of his pants. Obviously, the gun was visible, and therefore not concealed,

for Yates to make this observation. However, Yates went on to report that Frazier was acting nervous and Yates believed he was being "cased-out" before leaving his store and going to the Speedway store. Plaintiff contends that this is not enough information to form reasonable suspicion that criminal activity was afoot.

Bossier City argues that the reasonable suspicion necessary is that a person is committing, has committed or is about to commit an offense. Bossier City argues that the totality of the circumstances when evaluated from the perspective of the officers, constitutes reasonable suspicion that Frazier was either illegally possessing or concealing a gun or about to commit armed robbery. Bossier City contends that Officer Murray identified the man Yates reported, dressed exactly as Yates described, in the Speedway station, as Yates reported. However, Murray did not see a gun because Frazier's shirt was untucked, potentially concealing the reported gun. Murray also noticed a bicycle in front of Speedway. Yates had reported that the man was riding a bicycle. In addition, it was late at night in a high crime area.

Although Yates was not specifically known to the dispatcher or to Officers Brown and Murray, Yates was not anonymous. Yates provided not only his name, place of employment and location but also a phone number where he could be easily contacted. Yates informed the dispatcher that Frazier was in the Texaco and then moved on to the Speedway, where the officers located him. Yates also reported that Frazier was acting "real nervous like" and Yates believed he was "casing me out." Therefore, Bossier City argues that the officers had reasonable suspicion to believe that: (1) Frazier was violating the concealed hand gun law; or (2) Frazier was about to commit armed robbery.

The Court finds that there was reasonable suspicion for a Terry stop. All of the above outlined details, when evaluated from the perspective of the officers and the information available to the officers at the time the decision was made, support the officers' decision as a reasonable one. United States v. Silva, 957 F.2d 157 (5th Cir. 1992). Officers are allowed to draw inferences of criminal activity based on their experience even if the activity observed is not facially criminal. Texas v. Brown, 460 U.S. 730, 103 S. Ct. 1535, 75 L.Ed.2d 502 (1983); United States v. Blount, 123 F.3d 831 (5th Cir. 1997).

B.  Acts Following the Terry Stop

Bossier City also moves for summary judgment holding Officers Brown and Murray's actions after the initial stop to be reasonable. Plaintiff does not present any summary judgment evidence nor any argument that the actions of the officers after the initial approach to Frazier were unreasonable.

Officers conducting a Terry stop are within their authority, to protect their safety, by conducting a frisk or pat down for weapons if they reasonably suspect the individual to possess a weapon. Adams v. Williams, 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972); United States v. Webster, 162 F.3d 308, 352 (5th Cir. 1998). Officers Brown and Murray approached a man they had reason to believe possessed a gun and acted reasonably when conducting or attempting to conduct a pat down in order to obtain the weapon and secure the safety of themselves and the public.

Bossier City further contends that the use of FREEZE+P pepper spray was reasonable and not a show of excessive force. Methods used in conducting investigations are evaluated on a case by case basis, but officers do not act unreasonably just because

there was a less intrusive procedure available. United States v. Sanders, 994 F.2d 200, 204 (5th Cir. 1993). Furthermore, some force is allowed without converting an investigatory detention into an arrest. Id. In this situation, Officers Brown and Murray were confronted with a man that began arguing and physically fighting with them almost immediately after he was approached. Frazier was physically larger than both of the officers and "had a strange, wild look about him." [Brown Affidavit, Exhibit D.] Under these circumstances it can not be said that Officer Brown acted unreasonably in using the pepper spray to attempt to subdue Frazier.

Even after being sprayed with FREEZE+P, Frazier continued to fight against both officers, knocking them both off their feet and fleeing from them. Officer Zaner, who had arrived at the scene, located Frazier and was joined by Officer Murray. Both officers yelled verbal commands to Frazier to come out of his hiding spot with his hands in the air. Frazier refused to cooperate. Officer Zaner first jumped the fence into the enclosed area Frazier was hiding in. Officer Murray followed when Zaner began struggling to handcuff Frazier. More fighting ensued and ultimately, Zaner shot and killed Frazier. [Murray Affidavit, Exhibit C]

The Court finds that In light of the circumstances and information available to Officer Murray, his actions were reasonable. He physically fought Frazier in an effort to subdue him. Frazier was fighting Officer Murray and had already thrown him to the ground once. Although hitting Frazier with his fist may not have been Murray's best decision, considering that Frazier threw him against the fence in retaliation, Murray's actions were not unreasonable. Frazier was physically fighting him, and the physical force Murray used against him was not excessive.

The Court finds that the actions of Officers Brown and Murray were not unreasonable. The officers had reasonable suspicion to approach Frazier for a Terry stop, which led to a series of struggles, during which neither Brown nor Murray responded with excessive force. As the alleged torts all require a unreasonableness or extreme and outrageous behavior, none of the actions constituted a tort under Louisiana law. Therefore, no vicarious liability for the actions of Officers Brown and Murray exists. Thus, the claim for vicarious liability against Bossier City will be dismissed.

III.   Section 1983 Claims

Municipal liability under 42 U.S.C. § 1983 requires: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir. 2001); See also, Monell v. Dep't. Of Social Sciences, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037, 56 L. Ed. 2d 611, 638 (1978).

The Court has found that the actions of Officers Murray and Brown were reasonable in light of the circumstances. Officers Murray and Brown did not violate Frazier's constitutional rights. With no underlying constitutional violation, there is no Section 1983 action against Bossier City to pursue. Flores v. County of Hardeman, 124 F.3d 736 (5th Cir. 1997); Olabisiomotosho v. City of Houston, 185 F.3d 521, 526 (5th Cir. 1999). Therefore, the Court will dismiss the Section 1983 claims for the actions of Officers Brown and Murray against Bossier City.

## CONCLUSION

After careful consideration of the briefs and exhibits filed, the Court finds that there is no genuine issue of material facts with regard to the actions of Officers Brown and Murray. The Court finds that the officers acted reasonably; therefore, the vicarious liability claims are dismissed. Claims based on the actions of Officers Murray and Brown pursuant to 42 U.S.C. § 1983 are also dismissed as there is no underlying constitutional violation. Therefore, summary judgment on these claims is proper as a matter of fact and law. Therefore:

IT IS ORDERED that Motion for Summary Judgment [Doc. No. 123] filed by the defendant, the City of Bossier, shall be **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's claims against Bossier City for the actions of Officer Brown and Officer Murray shall be **DISMISSED WITH PREJUDICE**.

Shreveport, Louisiana, this 8th day of November, 2005.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE