U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

AUG - 1 2006

ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

DAVID FRAZIER, ET AL.

versus

CITY OF BOSSIER CITY, ET AL.

CIVIL ACTION NO. 02-0698
JUDGE S. MAURICE HICKS, JR.

## MEMORANDUM ORDER

Before the court is a Motion For Reconsideration filed by the plaintiff. See Record Document 167. The motion seeks reconsideration of this court's May 9, 2006 Memorandum Order, which ruled that the defendants' requests for admissions, which had gone ignored and unanswered for over two years, were to be deemed admitted.[1] Though Federal Rule of Civil Procedure 36 automatically deems a

---

[1] Specifically, the plaintiff failed to respond to the defendants' request that she admit the following: "Plaintiff is aware of no witness who alleges or supports the proposition that Emmanuel Frazier would have lived if he had received prompt medical attention;" "Plaintiff is aware of no witness who alleges or supports the proposition that City of Bossier City has a policy of arresting African-Americans, based on allegations which it was aware did not constitute reasonable suspicion or probable cause;" "Plaintiff is aware of no witness who alleges or supports the proposition that Mark Yates and his co-workers made calls and statements to the Bossier City Police Department for the purpose of discriminating against Emmanuel Frazier by reason of his race;" "Emmanuel Frazier had difficulty with police, teachers, employers, or other authority figures;" "Police officers had reasonable suspicion to make a stop of Emmanuel Frazier at the Speedway;" "Emmanuel Frazier prevented the officers from doing a pat down for weapons at the Speedway;" "Emmanuel Frazier violently resisted the officers' efforts to

-1-

request for admission conclusively established after the passage of thirty days, unless the court or the parties agree to a contrary time period, this court issued its order to establish in the record that the plaintiff's lengthy delay in responding to the requests, had, in fact, resulted in the matters being deemed admitted. Shortly after the issuance of the order, the plaintiff filed the instant motion, arguing that her failure to respond has caused the defendants no prejudice, and desiring the opportunity to now respond to the requests.

Rule 36 provides that

> A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters within the scope of Rule 26(b)(1) set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request. . . .
> The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter . . . .

Fed. R. Civ. P. 36(a). The rule further states that "[a]ny matter admitted under this

---

handcuff Frazier behind the Speedway;" "When behind the Speedway, Emmanuel Frazier did not comply with officers' commands to get on the ground;" "Emmanuel Frazier attempted to attack Officer Zaner and to grab Zaner's gun as Zaner attempted to back away from Emmanuel Frazier;" "Officer Zaner was justified in believing Emmanuel Frazier presented a threat of death or serious bodily injury at the time of the shooting of Frazier;" "The race of Emmanuel Frazier did not motivate Officer Zaner to shoot Emmanuel Frazier;" and "Plaintiff has no document or other paper where Emmanuel Frazier identified Carisma Williams as his daughter." Record Document 165, Exhibit 5.

rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission." Id. at 36(b). This rule "allows litigants to request admissions as to a broad range of matters, including ultimate facts, as well as applications of law to fact." In re Carney, 258 F.3d 415, 419 (5th Cir. 2001). The rule's expansive application "allows litigants to winnow down issues prior to trial and thus focus their energy and resources on disputed matters." Id. Accordingly, in order for Rule 36 to be an effective discovery tool, "litigants must be able to rely on the fact that matters admitted will not later be subject to challenge." Id. Therefore, if a party neglects to respond to a request within the 30 day period set forth in the rule, the law deems the matter admitted and conclusively established unless the "admitting" party moves the court to allow withdrawal or amendment. See id. at 418-20. Rule 36's "conclusive effect applies equally to those admissions made affirmatively and those established by default, *even if the matters admitted relate to material facts that defeat a party's claim.*" Am. Auto Ass'n v. AAA Legal Clinic, 930 F.2d 1117, 1120 (5th Cir. 1991) (emphasis added).

The court has discretion to decide whether to allow the withdrawal or amendment of a deemed admission. A necessary predecessor to the exercise of that discretion, however, is the filing of a Rule 36(b) motion requesting leave to amend or withdraw the admissions. In the instant case, the plaintiff neglected to follow the plain commands of Rule 36, thus failing to submit a Rule 36(b) motion

requesting either withdrawal of the admissions or leave to amend them. Instead, the plaintiff filed the instant Motion For Reconsideration, which this court will construe as a Rule 60 motion for relief from judgment or order.[2]

Pursuant to Rule 60(b), the court may relieve a party from a final judgment or order due to "(1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief . . . ." Fed. R. Civ. P. 60(b). Because Rule 60 sets forth very specific grounds for relief, the plaintiff must demonstrate that she is entitled to relief under one of those particular grounds in order to prevail. See Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 356 (5th Cir. 1993). "Implicit in the fact that Rule 60(b)(1) affords extraordinary relief is the requirement that the movant make a sufficient showing of unusual or unique circumstances justifying such relief." Pryor v. U.S. Postal Serv., 769 F.2d 281, 286 (5th Cir. 1985). Here, however, despite a delay spanning more than two years, the plaintiff has failed to offer any facts or reasons justifying her failure to comply with Rule 36. Furthermore, even in filing the instant motion, the plaintiff persists in her failure to offer any excuse or justification for her default. Rather, her motion merely asserts,

> As counsel for plaintiff has always made clear to defendants that such issues were contested, and had done such even prior to the date that

---

[2] "The Federal Rules do not recognize a "motion for reconsideration" in haec verba. We have consistently stated, however, that a motion so denominated, provided that it challenges prior judgments on the merits, will be treated as either a motion "to alter or amend" under Rule 59(e) or a motion for "relief from judgment" under Rule 60(b)." Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990).

the defendants propounded the requests for admission, such tardy <u>formal</u> response has not caused any prejudice to defendants.[3]

Record Document 167 at 3 (emphasis added). This argument, however, falls far short of demonstrating one of the recognizable grounds for relief under Rule 60. Moreover, as the Fifth Circuit has explained, "it is a well-established rule that 'inadvertent mistake[s]', . . . [g]ross carelessness, ignorance of the rules, or ignorance of the law are insufficient bases for 60(b)(1) relief." Pettle v. Bickham, 410 F.3d 189, 192 (5th Cir. 2005) (quoting Edward H. Bohlin Co., 6 F.3d at 356-57). Given the plaintiff's plain history of dilatoriness and the patent absence of any compelling or extraordinary circumstance justifying relief, the plaintiff simply is not entitled to relief under Rule 60.

Nevertheless, even if the court construed the plaintiff's motion as a motion to withdraw or amend the admissions-- the proper procedural vehicle under Rule 36(b)-- the plaintiff would be equally unsuccessful. Rule 36 plainly states that a matter

---

[3] Any discovery response required by the Federal Rules of Civil Procedure and by the rules of this court cannot be deemed a mere formality, as compliance with the rules is the only method of responding to discovery requests. Informal or implied responses simply are not recognized by this court. See In re Indep. Distillers of Ky., 34 F.Supp. 724, 729 (W.D.Ky. 1940) (stating that Rule 36 "requires an answer after service of the request, regardless of what may have been previously asserted by the pleadings. . . . The party asking for the admissions is entitled to a direct and unequivocal answer . . . in order to properly prepare his case, without being required to search the record for possible denials lurking in papers or instruments previously filed in the record. . . . The beneficial result of the rule would be largely lost if the party making the request was not permitted to rely upon the answer to or failure to answer the request . . . .").

admitted under the rule is conclusively established, unless the court, in its discretion, permits the moving party to withdraw or amend its admissions if doing so would serve the presentation of the case on the merits and would not prejudice the party obtaining the admission. See Fed. R. Civ. P. 36(b). However, "[e]ven when these two factors are established, a district court still has discretion to deny a request for leave to withdraw or amend an admission." In re Carney, 258 F.3d at 419.

Although the plaintiff's admissions have arguably conceded some or all of the ultimate issues in this case-- a harsh result indeed-- the court is not of the opinion that a result different than the one caused by the plaintiff's own attorney is warranted. The plaintiff was notified several times over the course of more than two years that she had never responded to the defendants' requests for admissions. Over that period of time, however, she failed to take any corrective action or even simply provide the court with an explanation for her default. To this day, the court still has not received any reasonable excuse or justification for the plaintiff's inaction, leading it to surmise that the default resulted from a mistake, carelessness, or a blatant disregard of the rules. However, mistakes, carelessness, or ignorance of the rules, when they persist unaddressed and uncorrected for such an egregious period of time, do not compel a reversal of the result. As the Fifth Circuit so aptly stated,

> Regardless of [plaintiff's] intentions, or inattention, which led to the flouting of discovery deadlines, such delays are a particularly abhorrent feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing

disrespect for lawyers and the judicial process . . . . Adherence to reasonable deadlines is critical to restoring integrity in court proceedings."

McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1486 (5th Cir. 1990). Accordingly;

**IT IS ORDERED** that the plaintiff's Motion For Reconsideration (Record Document 167) be and is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 1st day of August, 2006.

JUDGE S. MAURICE HICKS, JR.