RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 4-9-07
BY DM

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

---

DAVID FRAZIER, ET AL.

versus　　　　　　　　　　　　　　　CIVIL ACTION NO. 02-0698
　　　　　　　　　　　　　　　　　　　JUDGE S. MAURICE HICKS, JR.

CITY OF BOSSIER CITY, ET AL.

---

## MEMORANDUM RULING

Before the court is a motion for reconsideration filed by the plaintiff. See Record Document 181. The motion seeks reconsideration of this court's December 13, 2006 ruling, wherein the court granted the defendants' motion for summary judgment, thereby dismissing all of the plaintiff's claims. See Record Documents 179 and 180. On December 29, 2006, the plaintiff filed the instant motion.

The court notes at the outset, as it did the last time the plaintiff filed a motion for reconsideration, that

> The Federal Rules do not recognize a 'motion for reconsideration' in haec verba. We have consistently stated, however, that a motion so denominated, provided that it challenges prior judgments on the merits, will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b).

Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990).

Under Federal Rule of Civil Procedure 59(e), which governs relief from judgment, "[a]ny motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Although the defendants argue to the contrary, the court finds that the plaintiff timely filed the instant motion in accordance with Federal Rule of Civil Procedure 6(a), excluding intermediate Saturdays, Sundays, and legal holidays from the time calculations. A Rule 59(e) motion to alter or amend a judgment

> must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Morever, they cannot be used to argue a case under a new legal theory.

Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting Fed. Deposit Ins. Corp. v. Meyer, 781 F.2d 1260, 1268 (7th Cir. 1986)). Thus, to be successful here, the plaintiff must establish that the court committed a manifest error of law or fact or she must come forward with newly discovered evidence demonstrating the court's prior ruling is in need of amendment.

Pursuant to Rule 60(b), the court may relieve a party from a final judgment or order due to

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the

judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

Fed. R. Civ. P. 60(b). Because Rule 60 sets forth very specific grounds for relief, the plaintiff must demonstrate that she is entitled to relief under one of those particular grounds in order to prevail. See Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 356 (5th Cir. 1993). "[R]ule 60(b) relief will be afforded only in 'unique circumstances.'" Pryor v. U.S. Postal Serv., 769 F.2d 281, 287 (5th Cir. 1985) (citing Wilson v. Atwood Group, 725 F.2d 255, 258 (5th Cir. 1984)).

In her motion, plaintiff cites Bazan v. Hidalgo County, 246 F.3d 481 (5th Cir. 2001), for the proposition that this case cannot be decided at the summary judgment stage because "issues which necessarily depend on the credibility of witnesses cannot be determined at . . . summary judgment . . . particularly when the witnesses are interested parties." Record Document 181 at 2. Furthermore, plaintiff reads Bazan to require a court to focus exclusively on the events at the exact moment of the application of deadly force-- "at the moment that Zaner fired each and every shot at Frazier"-- rather than consider the totality of the circumstances surrounding the event. Id. at 3. In essence, the plaintiff asserts the deadly force determination must be made in some sort of vacuum, without reference to or cognizance of the prior events bearing directly upon the ultimate act. The authority set forth in the court's previous ruling delineates the proper standards to be applied in excessive force cases. The court will not reiterate or reexamine the plethora of binding law that

supported its determination. Despite the plaintiff's misguided understanding of Bazan, the court stands behind its prior decision and its application of the law to the facts of this dispute.

Furthermore, the court will not engage in a lengthy examination or defense of the groundless accusations and propositions contained within the plaintiff's most recent filing. Many of the contentions in her motion are unsupported; some, however, border on frivolous. For example, the plaintiff claims that

> The court's ruling *does not cite one alleged action or movement of Frazier to support Zaner's statement that his life was in danger.* Such is the case even with respect to the admission that 'Emmanuel Frazier attempted to attack Officer Zaner and to grab Zaner's gun as Zaner attempted to back away from Emmanuel Frazier.' The statement is *at best vague and of no consequence* . . . ."

Record Document 181 at 1-2 (emphasis added).

To the contrary, in its prior ruling, this court summarized:

> The summary judgment evidence presented to the court, including the plaintiff's admissions, establishes the following sequence of events. Officers Murray and Brown responded to a 911 call placed by Yates, warning of a suspicious-looking man with a gun tucked into his pants at the Speedway. Murray and Brown had reasonable suspicion to stop Frazier at the Speedway. Frazier resisted the officers' pat down of him in search of the weapon identified by Yates. Frazier also violently and forcefully resisted the officers' efforts to gain control of and handcuff him. He then fled to an enclosure behind the Speedway in an attempt to evade capture. Once discovered, Frazier disobeyed all police commands to get on the ground and struggled violently with both Zaner and Murray, who attempted numerous times to secure him with handcuffs. All efforts to gain control of Frazier, through use of non-deadly force, including striking him in the face, were wholly unsuccessful. Although Zaner drew his weapon and once again commanded Frazier to get on the ground, Frazier continued to advance

and attempted to gain control of Zaner's firearm. Stating that he believed Murray and he were in serious danger, Zaner ultimately shot Frazier.

Record Document 179 at 8-9. Clearly, then, the ruling issued by this court cited not one, but numerous actions and movements by Frazier that supported Zaner's belief that his life was in danger.[1]

Without repeating *ad nauseam* all of the findings of the previous judgment, it shall suffice to say that the court remains of the opinion that there are no genuine issues of material fact; thus, this case may be resolved on summary judgment. The record fully supports the conclusion that Officer Zaner had probable cause to believe that Frazier posed a threat of serious physical harm. Faced with such a threat, it was not unreasonable, nor a violation of the Fourth Amendment, for Officer Zaner to use deadly force against Frazier. Thus, Officer Zaner's use of deadly force was objectively reasonable under the facts of this case.

As the plaintiff has failed to persuade the court that it committed a manifest error of law or fact under Rule 59(e) or that one of the specific grounds for relief under Rule 60(b) has been satisfied, the court's prior judgment stands. Accordingly;

**IT IS ORDERED** that the plaintiff's motion for reconsideration (Record Document 181) be and is hereby **DENIED**.

---

[1] How the plaintiff can claim that Frazier's attempt to attack Officer Zaner and grab Officer Zaner's gun as Officer Zaner tried to back away from Frazier was "at best vague and of no consequence" is, frankly, beyond this court's understanding.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 7th day of April, 2007.

_____
JUDGE S. MAURICE HICKS, JR.